OPINION
{¶ 1} Defendant, Travis Castle, appeals from his conviction and sentence for robbery, failure to comply with an order or signal of a police officer, forgery and breaking and entering.On October 16, 2001, Defendant was indicted for robbery, R.C. 2911.02(A)(3), receiving stolen property, R.C. 2913.51(A), and failure to comply with an order or signal from a police officer, R.C. 2921.331(B),(C)(5)(a)(ii). On November 15, 2001, Defendant was indicted on additional charges including burglary, R.C. 2911.12(A), theft, R.C. 2913.02(A)(1), five counts of forgery, R.C.2913.31(A)(1), and breaking and entering, R.C. 2911.13(A).
 {¶ 2} Pursuant to a plea agreement, Defendant subsequently entered pleas of guilty to robbery, failure to comply with an order or signal of a police officer, two counts of forgery, and breaking and entering. In exchange, the State dismissed the remaining charges. The trial court sentenced Defendant to three years in prison for robbery, two years for failure to comply with an order or signal of a police officer, ten months on each of the two counts of forgery, and ten months for breaking and entering. The trial court ordered that the sentences for robbery and failure to comply with an order or signal of a police officer be served consecutively. All of the other sentences run concurrently, for a total sentence of five years.
 {¶ 3} Defendant has now timely appealed to this court, challenging only his sentence.
 {¶ 4} The first assignment of error is overruled.
 First Assignment of Error {¶ 5} "The court erred by sentencing the appellant to serve a sentence that is longer than the minimum sentence in case of first-time imprisonment."
 {¶ 6} Defendant argues that because the trial court failed to comply with R.C. 2929.14(B) in sentencing him to terms of imprisonment that are longer than the minimum sentence for each offense, his sentence is contrary to law. We disagree.
 {¶ 7} The trial court sentenced Defendant, a person who had not previously served a prison term, to terms of imprisonment for each offense that exceed the minimum sentence. In order to impose more than the statutory minimum sentence upon an offender who has not previously served a prison term, the trial court must find either that the shortest prison term will demean the seriousness of the offender's conduct or that the shortest prison term will not adequately protect the public from future crime by the offender. R.C. 2929.14(B). The trial court is not required to give reasons for those findings. State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110.
 {¶ 8} In its sentencing entry the trial court specifically found that "the shortest term is not imposed because it would demean the seriousness of the offense and does not adequately protect the public." That language is sufficient, in our opinion, to constitute either one or both of the findings in R.C. 2929.14(B) that authorize imposition of more than just the minimum sentence. The trial court was not required to give its reasons for those findings. Edmonson, supra. Furthermore, contrary to Defendant's assertion, the court's findings demonstrate that the court engaged in the appropriate analysis and departed from the minimum sentence for either or both of the statutorily sanctioned reasons. Id. On this record we cannot clearly and convincingly find that the trial court's imposition of more than just the minimum sentence is contrary to law. R.C. 2953.08(G)(2).
 {¶ 9} The first assignment of error is overruled.
 Second Assignment of Error {¶ 10} "The court erred by sentencing the appellant to serve consecutive sentences for counts one and three."
 {¶ 11} Defendant claims that because the trial court failed to comply with R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) in imposing consecutive sentences upon him, those sentences are contrary to law.
 {¶ 12} R.C. 2929.14(E)(4) states:
 {¶ 13} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 14} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 15} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 17} R.C. 2929.19(B)(2)(c) provides:
 {¶ 18} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 19} "* * *
 {¶ 20} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 21} In order to impose consecutive sentences the trial court must make the findings required by R.C. 2929.14(E)(4), and additionally give its reasons for imposing consecutive sentences. State v. Hacker
(August 24, 2001), Clark App. No. 2001-CA-12. At the sentencing hearing the trial court did not make any of the findings required by R.C.2929.14(E)(4), nor did it give its reasons for imposing consecutive sentences.
 {¶ 22} In its sentencing entry the trial court stated:
 {¶ 23} "Consecutive prison terms are imposed because it is necessary to protect the public and punish the Defendant and because the Defendant's criminal history shows that consecutive terms are needed to protect the public.
 {¶ 24} "The Court has considered and weighed the statutory sentencing factors and makes these findings. The factors that determine more serious conduct of the Defendant are:
 {¶ 25} "1. Defendant's crimes are more serious because the pattern of the conduct is in multiple counties and the gravity of Defendant's misconduct is escalating.
 {¶ 26} "2. The Defendant has a history of criminal convictions.
 {¶ 27} "3. The Defendant has not responded favorably to sanctions.
 {¶ 28} "4. Defendant's alcohol and drug abuse pattern is related to the offense and the Defendant does not acknowledge the pattern or refuses treatment.
 {¶ 29} "5. Defendant shows no genuine remorse.
 {¶ 30} "The factors that determine that recidivism is more likely are:
 {¶ 31} "1. Defendant's crimes are more serious because the pattern of conduct is in multiple counties and the gravity of Defendant's misconduct is escalating.
 {¶ 32} "2. The Defendant has a history of criminal convictions.
 {¶ 33} "3. The Defendant has not responded favorably to sanctions previously imposed.
 {¶ 34} "4. Defendant's alcohol and drug abuse pattern is related to the offense and the Defendant does not acknowledge the pattern or refuses treatment.
 {¶ 35} "5. Defendant shows no genuine remorse."
 {¶ 36} The trial court made no finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," as R.C. 2929.14(E)(4) expressly requires. The State argues, however, that the court's findings regarding the factors that make Defendant's conduct more serious and recidivism more likely are substantially equivalent to the omitted "not disproportionate" finding and therefore satisfy R.C. 2929.14(E)(4). We disagree.
 {¶ 37} In making the findings required by the applicable sentencing statutes, the trial court in this case was not obligated to mimic the exact language used in R.C. 2929.14(E)(4), State v. Shepherd
(Dec. 6, 2002), Montgomery App. No. 19284, 2002-Ohio-6790, although that is probably the better practice. Nevertheless, the "not disproportionate" finding required by R.C. 2929.14(E)(4), and the trial court's reason for making that finding, must clearly be expressed on the record. Hacker,supra; Shepherd, supra.
 {¶ 38} The trial court's references in this case to the seriousness factors, R.C. 2929.12(B), and the recidivism factors, R.C.2929.12(D), that it found applicable may very well portray sufficientreasons for both finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and for imposing consecutive sentences. R.C. 2929.19(B)(2)(c). The court's references to those seriousness and recidivism factors is not, however, in and of itself, sufficient to constitute the "not disproportionate" finding required by R.C. 2929.14(E)(4) that the court omitted. Shepherd, supra.
 {¶ 39} Having failed to make one of the statutory findings required by R.C. 2929.14(E)(4) in order to impose consecutive sentences, the trial court's consecutive sentences are contrary to law.
 {¶ 40} The second assignment of error is sustained. That portion of the trial court's sentence ordering that the terms of imprisonment imposed for robbery (count one) and failure to comply with an order or signal of a police officer (count three) be served consecutively is reversed and vacated. This matter will be remanded to the trial court for resentencing that comports with the requirements of R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) as to findings and reasons.
BROGAN, J. and FAIN, J., concur.